■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH JONES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered June 11, 1975, convicting him of criminally selling a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. The trial court properly denied defendant-appellant's request for disclosure of the informant's identity. Bare conclusory allegations of the need for an informant's testimony are insufficient to breach an informant's confidentiality. There must be some showing, in fact, that the demand for disclosure is based upon a real weakness in the prosecution's case *(People v Goggins,* 34 NY2d 163). Defendant's reason for seeking disclosure of the name of the informant was to establish that he, the defendant, owned a gold Cougar automobile on April 1, 1974, the date of the first alleged sale by him of heroin to the undercover police officer. If there were any truth to his contention in that regard, it would have been quite simple for him to offer in evidence his bill of sale or to call the salesman who sold the car to him to

establish the date of its purchase or delivery. He did neither. Under the circumstances, his demand for disclosure of the informant's identity was merely "an angling in desperation for possible weaknesses in the prosecution's investigation" (see *People v Goggins, supra,* p 169). Defendant failed to show any basic, closely contested issue of fact which could be resolved only by the informant's testimony. Consequently, the denial of the disclosure demand was proper (see *People v Pena,* 37 NY2d 642). We have considered the other contentions raised by defendant and find them to be without merit. Latham, P. J., Shapiro, Hawkins and Suozzi, JJ., concur.